CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 29, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated, | CASE NO. 7:24cv00343 |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| NATIONAL LIFE INSURANCE COMPANY, a Vermont corporation, and REAL INNOVATION, INC., a Delaware corporation, | |
| Defendants. | |

**DECLARATORY AND PERMANENT INJUNCTIVE RELIEF REQUESTED**
**DEMAND FOR A JURY TRIAL**

Plaintiff, THOMAS MATTHEWS ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendants, NATIONAL LIFE INSURANCE COMPANY ("National Life") and REAL INNOVATION, INC. ("Real Innovation") (collectively, "Defendants") pursuant to the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(c)(5). On personal knowledge, investigation of counsel, and on information and belief, Plaintiff alleges as follows:

### NATURE OF ACTION

1.      In 2023 Real Innovation, or its agent National Life, made at least two telemarketing calls to Plaintiff's personal cellular telephone for the purpose of selling life insurance products. Defendants made these calls despite Plaintiff having registered his telephone number on the national do-not-call registry in 2021.

2.      Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and/or willfully initiating

1

more than one telemarketing telephone call within a 12-month period to Plaintiff and class members on their residential telephone lines which have been registered on the national do-not-call registry, without prior express consent, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

## PARTIES

3. Plaintiff is an individual residing in Roanoke, Roanoke County, Virginia.

4. Defendant National Life is a for-profit corporation organized under the laws of Vermont with its principal place of business and headquarters located at One National Life Drive, Montpelier, VT 05604.

5. Defendant Real Innovation is a for-profit corporation organized under the laws of Delaware with its principal place of business and headquarters located at 651 N. Broad St. Ste 201, Middletown, DE 19709.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq*.

7. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves to the Virginia marketplace by directing their telemarketing messages to Virginia and to Plaintiff's cellular telephone, which is located in Virginia where Plaintiff resides.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were made to Plaintiff while he was a resident of and present in this District.

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A.  The National Do-Not-Call Registry

10. 47 U.S.C. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14. The FCC has issued rulings clarifying that in order to obtain an individual's consent to receive telemarketing calls for purposes of the TCPA, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent

3

requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## FACTUAL ALLEGATIONS

15. Defendants are "person[s]" as the term is defined by 47 U.S.C. § 153(39).

16. Defendant National Life is a for-profit company doing business under the trade name National Life Group. Per its website, www.nationallife.com, National Life "represent[s] a diversified family of financial services companies offering life insurance, annuity and investment products." National Life sells, *inter alia*, life insurance policies and annuities.

17. Defendant Real Innovation is a for-profit company selling life insurance products. Per its website, www.realinnovationlife.com, Real Innovation also brokers life insurance products from "companies like Americo, Lumico, United & Ethos." Real Innovation purports to have developed a modern, technology-driven platform for helping consumers shop for life insurance products. *See* www.realinnovationlife.com/about/.

18. Upon information and belief, Defendants make telemarketing calls to contact potential customers. In the alternative, Defendants may employ third parties in furtherance of marketing efforts to contact potential customers on their behalf via myriad means, including telemarketing.

19. At no point has Plaintiff sought out or solicited information regarding Defendants' life insurance products prior to receiving the telemarketing calls at issue.

20. Plaintiff has never consented in writing, or otherwise, to receive telemarketing calls from Defendants or their agents. Plaintiff has never provided Defendants with his telephone number.

21.     Plaintiff's cellular telephone number, 540-XXX-8364, is a residential telephone line.

22.     Plaintiff added this telephone number to the national do-not-call registry on August 31, 2021.

23.     Despite this, Plaintiff received at least two telemarketing calls from Defendants on April 10, 2023.

24.     Upon information and belief, and upon investigation of counsel, Plaintiff alleges the calls were placed by Real Innovation, or National Life acting as Real Innovation's agent, for the purpose of soliciting Real Innovation's insurance products and services to Plaintiff on behalf of Real Innovation and insurance companies such as Americo Life, Inc. ("Americo").

25.     Moreover, on at least one occasion, the caller used a Caller-ID spoofing function to make it appear the calls were local. Plaintiff's Caller-ID showed a phone number beginning with a 540 area code, matching Plaintiff's personal cellular telephone's area code. Spoofing phone numbers to appear local is a frequent technique by telemarketers used to increase the chances that the call is answered by consumers, tricking them into thinking that they are getting a local call.

26.     Specifically, on April 10, 2023 at 3:12 PM Plaintiff received a telephone call from telephone number 540-575-4237. Plaintiff answered the call and heard the telltale pause and "bleep" of an autodialing system. After the pause, the caller identified himself as a representative of "National Life and Health." Plaintiff told the caller he was not interested and disconnected the call.

27.     Within a minute, Plaintiff received another call from telephone number 848-283-7596. Plaintiff answered the call and again heard the telltale pause and "bleep" of an autodialing system. After the pause, the caller identified himself as "Robert with National Life and Health."

Robert asked Plaintiff a series of qualifying questions including his name, age, date of birth, zip code, social security number, and how much life insurance Plaintiff might need. Plaintiff remained on the call and gave false answers to the caller to determine who specifically was calling him and why, and for no other purpose.

28. After the qualifying questions, Robert transferred Plaintiff to an agent who identified himself as Allen Garcia at Real Innovations. Allen Garcia attempted to sell Plaintiff a life insurance policy. Like Robert, Garcia asked Plaintiff qualifying questions including his age, date of birth, how much life insurance Plaintiff is looking for, and his social security number. Plaintiff asked Garcia for more information concerning him and his employer before he felt comfortable sharing his social security address. Garcia provided Plaintiff a call back number and extension – 800-959-3848 x 1009 – and then attempted to sell Plaintiff a life insurance policy insured by Americo.

29. Thereafter, Plaintiff received an email from DoNotReply@Americo.com asking him to complete his application for life insurance. The email referenced Real Innovation agent, Garica, and included his email address, allen.g@realinnovation.com, and phone number 318-393-7200. *See* Ex. A.

30. The calls Plaintiff received were explicit solicitations by Real Innovation, or National Life acting as Real Innovation's agent, regarding Real Innovation's insurance products and services. Once Plaintiff was transferred, Real Innovation, through its employee, Garcia, further solicited Plaintiff regarding Real Innovation's insurance products and services.

31. Plaintiff alleges Real Innovation, or National Life acting as its agent, made the calls to Plaintiff directly. In the alternative, Plaintiff alleges based on the business model of companies who engage in telemarketing for the purpose of gathering warm leads, such as the callers who

6

initiated the calls to Plaintiff, a contract must exist between National Life and Real Innovation. Plaintiff alleges Defendant Real Innovation should be held vicariously liable for the conduct of its agent, Defendant National Life; Defendant Real Innovation should be held directly liable for the conduct of its employee, Garcia. The individual to whom Plaintiff was ultimately transferred was an employee of Real Innovation. Real Innovation directly employed Garcia at the time Plaintiff received these calls. At a minimum, Real Innovation accepts the transfers from third parties who are marketing and soliciting insurance products and services on behalf of Real Innovation, thereby ratifying their conduct. A reasonable person would understand the third party initiating the calls would be doing so at the direction and with the authority of Real Innovation. Accordingly, the conduct of Real Innovation's agent and employee gives the appearance of apparent authority, actual authority, and ratification.

32. Around the time of these calls, Plaintiff was not in the market for or researching life insurance products or services on the internet, in person, or otherwise. Plaintiff has never interacted with Defendants or their agents in any manner, other than through the receipt of the above telemarketing calls. Plaintiff did not consent to receiving these calls.

33. Plaintiff and all members of the class defined below have been harmed by the acts of Defendants and their agents because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines, used up their time, prevented them from receiving legitimate communication, and interfered with their use of their telephones for legitimate purposes.

## CLASS ACTION ALLEGATIONS

34. As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action seeking injunctive relief and money damages on behalf of himself and on behalf of all other persons similarly situated throughout the United States.

35. Plaintiff proposes the following "National Do-Not-Call Registry Class" definition, subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United States (a) whose numbers are listed on the national do-not-call registry; (b) and who received two or more telemarketing calls/texts within any 12-month period from Defendants or their agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

36. Plaintiff represents, and is a member of, the proposed class. Excluded from the class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any person who made a transaction with Defendants in the preceding 18 months before receiving a telemarketing call/text, any person who has executed a signed, written agreement between the person and Defendants which states that the person agrees to be contacted by Defendants and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

37. **Numerosity.** The potential members of the proposed class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls. Individual joinder of these persons is impracticable.

38. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed class have been harmed by the acts of Defendants, including, but not

8

limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

39. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. The members of the National Do-Not-Call Registry Class, as defined above, are identifiable through telephone records and telephone number databases.

41. There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the proposed class. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants and/or their agents systematically made multiple telemarketing telephone calls to members of the National Do-Not-Call Registry Class;

    b. Whether Defendants and/or their agents made the calls referenced in Paragraph 41(a) without first obtaining prior express written consent to make the calls;

    c. Whether Defendants' conduct and/or the conduct of their agents referenced in Paragraph 41(a) was knowing and/or willful;

    d. Whether Defendants and/or their agents are liable for damages as a result of the conduct referenced in Paragraph 41(a), and the amount of such damages; and

   e.  Whether Defendants and/or their agents should be enjoined from engaging in the conduct referenced in Paragraph 41(a) in the future.

  42.  **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendants and/or their agents and are based on the same legal and remedial theories. Specifically, the proposed class members are all persons who received telemarketing calls on their telephones without their prior express written consent. Plaintiff is a member of the proposed class and will fairly and adequately represent and protect the interests of the proposed class as he has no interests that conflict with any of the proposed class members.

  43.  **Adequacy of Representation.** Plaintiff is an adequate representative of the proposed class because his interests do not conflict with the interests of the proposed class, he will fairly and adequately protect the interests of the proposed class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  44.  **Superiority.** Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

  45.  A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the proposed class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly

more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

46. Defendants acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their agents on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

47. Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-46 and incorporates them by reference herein.

48. The foregoing acts and omissions of Defendants and/or their agents constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

49. Defendants' violations were willful or knowing.

50. As a result of Defendants' violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

52. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

53. Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-46 and incorporates them by reference herein.

54. The foregoing acts and omissions of Defendants and/or their agents constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

55. As a result of Defendants' violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

56. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5).

57. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

12

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of undersigned counsel as counsel for the Class;

D. A declaration that Defendants' actions complained of herein violated the TCPA;

E. An order enjoining Defendants from making telemarketing calls to numbers on the national do-not-call registry absent an emergency circumstance;

F. An award of damages to Plaintiff and each member of the proposed National Do-Not-Call Registry Class, as allowed by law, including, but not limited to, treble damages of up to $1,500 for each willful or knowing telemarketing call that violated the TCPA and $500 in statutory damages for each telemarketing call that otherwise violated the TCPA;

G. An award of attorney fees, expenses, and costs; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: May 29, 2024

Respectfully submitted,

LAW OFFICE OF STAN M. DOERRER PLLC

*/s/ Stan M. Doerrer*
Stan M. Doerrer, VA Bar # 88857
950 N. Washington Street
Alexandria, VA. 22314
Tel: (703) 348-4646
Fax: (703) 348-0048
stan@doerrerlaw.com

SMITH KRIVOSHEY, PC

Yeremey O. Krivoshey (SBN 295032)
(*Pro hac vice application to be submitted*)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
E-Mail: yeremey@skclassactions.com

Aleksandr "Sasha" Litvinov (SBN 95598)
(*Pro hac vice application to be submitted*)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: 888-410-0415
E-Mail: sasha@skclassactions.com

*Attorneys for Plaintiff
and the Proposed Class*